# U.S. District Court
## District of South Dakota (Western Division)
## CRIMINAL DOCKET FOR CASE #: <u>5:22−cr−50141−JLV</u> All Defendants

Case title: USA v. Heckel

Date Filed: 08/18/2022

Date Terminated: 08/15/2023

Assigned to: U.S. District Judge
Jeffrey L. Viken
Referred to: US Magistrate Judge
Daneta Wollmann

**Defendant (1)**

| | | |
|---|---|---|
| **Gary Heckel**<br>*TERMINATED: 08/15/2023* | represented by | **Ellie Bastian**<br>Federal Public Defender's Office<br>655 Omaha Street, Suite 100<br>Rapid City, SD 57701<br>605−343−5110<br>Fax: 605−343−1498<br>Email: ellie_bastian@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Federal Public Defender* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 2252A(a)(2)(A);<br>RECEIPT OF CHILD<br>PORNOGRAPHY<br>(1) | 240 months imprisonment, 5 years supervised release and $100 VAF |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18 U.8.C. § 2252A(a)(5)(B);<br>POSSESSION OF CHILD<br>PORNOGRAPHY<br>(2) | Dismissed upon Government Motion |

**Highest Offense Level
(Terminated)**

Felony

**Complaints**                                **Disposition**

None

---

**Plaintiff**

**USA**                          represented by   **Sarah B. Collins**
U.S. Attorney's Office (Rapid City, SD)
515 Ninth Street, Room 201
Rapid City, SD 57701
(605) 342–7822
Fax: (605) 342–1108
Email: sarah.b.collins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Assistant US Attorney

**Heather C. Sazama**
U.S. Attorney's Office (Rapid City, SD)
515 Ninth Street, Room 201
Rapid City, SD 57701
(605) 342–7822
Fax: (605) 342–1108
Email: heather.sazama@usdoj.gov
*TERMINATED: 05/17/2023*
Designation: Assistant US Attorney

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2022 | 1 | **INDICTMENT (personal identifiers redacted) as to Gary Heckel (1) count(s) 1, 2. (Attachments: # 1 Sealed Charging Document)** <br><br> **NOTICE REGARDING COOPERATOR INFORMATION: All plea agreements and sentencing memoranda contain a sealed supplement which includes either a statement there was cooperation or a statement there was no cooperation. It is not possible to determine from examination of docket entries whether a defendant did or did not cooperate with the government. (MSB) (Entered: 08/19/2022)** |
| 08/18/2022 | 2 | MOTION to Seal Case by USA as to Gary Heckel. (MSB) (Entered: 08/19/2022) |
| 08/18/2022 | 3 | ORDER granting 2 Motion to Seal Case as to Gary Heckel (1). Signed by US Magistrate Judge Daneta Wollmann on 08/18/2022. (MSB) (Entered: 08/19/2022) |
| 09/06/2022 |  | Case unsealed as to Gary Heckel. (SC) (Entered: 09/06/2022) |
| 09/06/2022 |  | Set Hearings as to Gary Heckel: Initial Appearance set for 9/6/2022 at 02:00 PM in Rapid City Courtroom 2 – Room 236 before US Magistrate Judge Daneta Wollmann. (SC) (Entered: 09/06/2022) |
| 09/06/2022 | 5 | Final BAIL Report as to Gary Heckel. In a multi–defendant case, access to this document is restricted to counsel of record for the defendant and government counsel. (Novak, Carol) (Entered: 09/06/2022) |

| 09/06/2022 | 6 | Minute Entry for proceedings held before US Magistrate Judge Daneta Wollmann: Arraignment as to Gary Heckel (1) Count 1,2 held on 9/6/2022 Plea Entered: Not Guilty, Initial Appearance as to Gary Heckel held on 9/6/2022. |
|---|---|---|
| | | **TEXT ORDER. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court, Detention Hearing as to Gary Heckel held on 9/6/2022. (Court Reporter: FTR) (SC) (Entered: 09/06/2022)** |
| 09/06/2022 | 7 | Stipulation for Entry of Standing Discovery Order as to Gary Heckel. (Sazama, Heather) (Entered: 09/06/2022) |
| 09/07/2022 | 8 | CJA 23 Financial Affidavit signed by Gary Heckel. (SC) (Entered: 09/07/2022) |
| 09/07/2022 | 9 | TEXT ORDER REGARDING DISCOVERY. Upon the foregoing Stipulation 7 and for good cause shown, it is hereby |
| | | ORDERED that any discovery materials, including but not limited to statements and summaries of interviews of witnesses furnished by the prosecution to the defense, shall not be used by the Defendant or the attorney for the Defendant for any purpose other than in direct relationship to this case. Without permission of the Court, defense counsel shall not photocopy the materials or provide them to any third party, except to make copies for use of the defense counsel in this case, an investigator, or expert witness. No further dissemination of discovery material shall be made, and under no circumstances shall such material be available to any employee of any attorney who was previously convicted of a felony but not restored to his or her civil rights. Any and all copies of discovery materials shall be returned to defense counsel at the completion of the case so that they can be destroyed by defense counsel. Defense counsel shall otherwise keep the items furnished in the possession of defense counsel, and the materials shall not be given to the Defendant or anyone else without the permission of the Court. Defense counsel may allow the Defendant to read the discovery materials, but only in the presence of defense counsel, the defense investigator, or a defense expert. It is further |
| | | ORDERED that all discovery materials not previously destroyed shall be returned to attorneys for the United States of America immediately upon final disposition of the case. |
| | | This text order entered as to Gary Heckel (1). Signed by US Magistrate Judge Daneta Wollmann on 9/7/2022. (SC) (Entered: 09/07/2022) |
| 09/07/2022 | 10 | Warrant Returned Executed on 9/2/2022 in case as to Gary Heckel. (JLS) (Entered: 09/07/2022) |
| 09/08/2022 | 11 | ORDER OF DETENTION as to Gary Heckel Signed by US Magistrate Judge Daneta Wollmann on 9/8/2022. (SC) (Entered: 09/08/2022) |
| 09/08/2022 | 12 | |

| | | |
|---|---|---|
| | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Gary Heckel Signed by US Magistrate Judge Daneta Wollmann on 9/8/2022. (SC) (Entered: 09/08/2022) |
| 09/09/2022 | 13 | NOTICE OF ATTORNEY APPEARANCE: Ellie Bastian appearing for Gary Heckel. (Bastian, Ellie) (Entered: 09/09/2022) |
| 09/09/2022 | 14 | REQUEST for Notice Pursuant to Fed. R. Evid. 404(b) by Gary Heckel . (Bastian, Ellie) (Entered: 09/09/2022) |
| 09/09/2022 | 15 | REQUEST for Notice Pursuant to Fed. R. Evid. 609(b) by Gary Heckel . (Bastian, Ellie) (Entered: 09/09/2022) |
| 09/09/2022 | 16 | REQUEST for Notice Pursuant to Fed. R. Evid. 807(b) by Gary Heckel . (Bastian, Ellie) (Entered: 09/09/2022) |
| 09/14/2022 | 17 | SCHEDULING AND CASE MANAGEMENT ORDER as to Gary Heckel. Suppression Voluntariness Motion due by 10/4/2022. Motions due by 10/21/2022. Plea Agreement due by 10/28/2022. Pretrial Conference set for 11/7/2022 at 09:00 AM in Rapid City Courtroom 1 – Room 301 before U.S. District Judge Jeffrey L. Viken. Jury Trial set for 11/15/2022 at 09:00 AM in Rapid City Courtroom 1 – Room 301 before U.S. District Judge Jeffrey L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 9/14/22. (SB) (Entered: 09/14/2022) |
| 10/19/2022 | 18 | Unopposed MOTION for Continuance pursuant to 18:3161 by Gary Heckel. (Bastian, Ellie) (Entered: 10/19/2022) |
| 10/20/2022 | 19 | ORDER granting 18 Motion for Continuance pursuant to 18:3161 as to Gary Heckel (1). Motions due by 11/18/2022. Plea Agreement due by 11/23/2022. Pretrial Conference set for 12/5/2022 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Jury Trial set for 12/13/2022 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 10/20/22. (SB) (Entered: 10/20/2022) |
| 10/21/2022 | 20 | Informed CONSENT to Continuance signed by Gary Heckel. (Bastian, Ellie) (Entered: 10/21/2022) |
| 10/31/2022 | 21 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: 300.00. Receipt Number: DSDX522CR050141. (SAC) (Entered: 10/31/2022) |
| 11/14/2022 | 22 | Unopposed MOTION for Continuance pursuant to 18:3161 by Gary Heckel. (Bastian, Ellie) (Entered: 11/14/2022) |
| 11/15/2022 | 23 | ORDER granting 22 Motion for Continuance pursuant to 18:3161 as to Gary Heckel (1). Motions due by 1/13/2023. Plea Agreement due by 1/20/2023. Pretrial Conference set for 1/30/2023 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Jury Trial set for 2/7/2023 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 11/15/22. (SB) Modified on 11/15/2022 to correct trial date (SB). (Entered: 11/15/2022) |
| 11/15/2022 | 24 | TEXT SCHEDULING ORDER as to Gary Heckel. Jury Trial set for 2/7/2023 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 11/15/22. (SB) (Entered: 11/15/2022) |
| 11/15/2022 | 25 | TEXT SCHEDULING ORDER as to Gary Heckel. Pretrial Conference set for 1/30/2023 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey |

| | | |
|---|---|---|
| | | L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 11/15/22. (SB) (Entered: 11/15/2022) |
| 11/21/2022 | 26 | Informed CONSENT to Continuance signed by Gary Heckel. (Bastian, Ellie) (Entered: 11/21/2022) |
| 12/01/2022 | 27 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: $300.000. Receipt Number: 500000220. (SAC) (Entered: 12/01/2022) |
| 12/30/2022 | 32 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: 300.00. Receipt Number: 400001147. (MSB) (Entered: 01/26/2023) |
| 01/17/2023 | 28 | Unopposed MOTION for Continuance pursuant to 18:3161 by Gary Heckel. (Bastian, Ellie) (Entered: 01/17/2023) |
| 01/17/2023 | 29 | ORDER granting 28 Motion for Continuance pursuant to 18:3161 as to Gary Heckel (1). Motions due by 4/7/2023. Plea Agreement due by 4/14/2023. Pretrial Conference set for 4/24/2023 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Jury Trial set for 5/2/2023 at 09:00 AM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 1/17/23. (SB) (Entered: 01/17/2023) |
| 01/20/2023 | 30 | Unopposed MOTION to Transfer Evidence for Defense Review by Gary Heckel. (Bastian, Ellie) (Entered: 01/20/2023) |
| 01/24/2023 | 31 | ORDER granting 30 Motion to transfer devices as to Gary Heckel (1). Signed by U.S. District Judge Jeffrey L. Viken on 1/24/23. (SB) (Entered: 01/24/2023) |
| 01/26/2023 | 33 | RECEIPT for CJA Repayment (September 2022) as to Gary Heckel. Receipt Amount: $300.00. Receipt Number: 300000106. (SKK) (Entered: 01/26/2023) |
| 01/27/2023 | 34 | Informed CONSENT to Continuance signed by Gary Heckel. (Bastian, Ellie) (Entered: 01/27/2023) |
| 01/31/2023 | 35 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: $300.00. Receipt Number: 400001319. (SAC) (Entered: 02/01/2023) |
| 02/28/2023 | 36 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: 300.00. Receipt Number: 400001443. (ARW) (Entered: 02/28/2023) |
| 03/22/2023 | 37 | PLEA AGREEMENT signed by Gary Heckel. (Sazama, Heather) (Entered: 03/22/2023) |
| 03/22/2023 | 38 | STATEMENT of Factual Basis as to Gary Heckel. (Sazama, Heather) (Entered: 03/22/2023) |
| 03/22/2023 | 39 | SEALED PLEA AGREEMENT SUPPLEMENT signed by Gary Heckel. (Sazama, Heather) (Entered: 03/22/2023) |
| 03/22/2023 | 40 | ORDER REFERRING Change of Plea Hearing to U.S. Magistrate Judge Daneta Wollmann as to Gary Heckel. Signed by U.S. District Judge Jeffrey L. Viken on 3/22/23. (SB) (Entered: 03/22/2023) |
| 03/22/2023 | | Set Hearings as to Gary Heckel: Change of Plea Hearing set for 3/24/2023 at 09:00 AM in Rapid City Courtroom 2 before US Magistrate Judge Daneta Wollmann. (SC) (Entered: 03/22/2023) |
| 03/24/2023 | 41 | |

| | | Minute Entry for proceedings held before US Magistrate Judge Daneta Wollmann:Change of Plea Hearing as to Gary Heckel held on 3/24/2023. Plea Entered: Guilty Counts: 1. (Court Reporter: FTR) (SC). |
|---|---|---|
| | | Deadlines for Sentencing Documents: If the presiding judge sets specific dates for the filing of documents related to sentencing, comply with those dates. If specific dates are not set, comply with the deadlines in D.S.D. Crim. LR 32.1. (Entered: 03/24/2023) |
| 03/24/2023 | 42 | CONSENT and Waiver signed by Gary Heckel. (SC) (Entered: 03/24/2023) |
| 03/24/2023 | 43 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Gary Heckel Signed by US Magistrate Judge Daneta Wollmann on 3/24/2023. (SC) (Entered: 03/24/2023) |
| 03/29/2023 | 44 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: $300.00. Receipt Number: 400001589. (ARW) (Entered: 03/29/2023) |
| 04/13/2023 | 45 | SEALED Evaluation as to Gary Heckel. The filing attorney MUST manually serve an exact copy of this document and a copy of the NEF receipt screen on the appropriate case participants. (Bastian, Ellie) (Entered: 04/13/2023) |
| 04/25/2023 | 46 | ORDER adopting 43 Report and Recommendations on Plea of Guilty as to Gary Heckel (1). Sentencing set for 7/7/2023 at 03:00 PM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 4/25/23. (SB) (Entered: 04/25/2023) |
| 04/25/2023 | 47 | DRAFT Presentence Report as to Gary Heckel. In a multi–defendant case, access to this document is restricted to counsel of record for the defendant and government counsel. **Objections to draft PSR due: 5/9/2023. Letters of Support due: 5/23/2023.** (Novak, Carol) (Entered: 04/25/2023) |
| 05/01/2023 | 48 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: $300.00. Receipt Number: 300000258. (SAC) (Entered: 05/02/2023) |
| 05/03/2023 | 49 | TEXT SCHEDULING ORDER as to Gary Heckel. Sentencing rescheduled for 8/14/2023 at 01:30 PM in Rapid City Courtroom 1 before U.S. District Judge Jeffrey L. Viken. Signed by U.S. District Judge Jeffrey L. Viken on 5/3/23. (SB) (Entered: 05/03/2023) |
| 05/03/2023 | | Defendant has No Objections re 47 DRAFT Presentence Report as to Gary Heckel. (Bastian, Ellie) (Entered: 05/03/2023) |
| 05/17/2023 | 50 | Notice of Withdrawal and Substitution of Attorney as to USA. Attorney Sarah B. Collins added. Attorney Heather C. Sazama terminated. (Collins, Sarah) (Entered: 05/17/2023) |
| 05/22/2023 | 51 | Unopposed MOTION to Extend *Time Within Which to File Support Letters* by Gary Heckel. (Bastian, Ellie) (Entered: 05/22/2023) |
| 05/22/2023 | 52 | TEXT ORDER granting 51 Motion to Extend as to Gary Heckel (1). Defendant shall file support letters by 7/23/23. Signed by U.S. District Judge Jeffrey L. Viken on 5/22/23. (SB) (Entered: 05/22/2023) |
| 05/30/2023 | 53 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: $300.00. Receipt Number: 400001906. (SAC) (Entered: 05/30/2023) |
| 06/29/2023 | 54 | RECEIPT for CJA Repayment as to Gary Heckel. Receipt Amount: $300.00. Receipt |

| | | |
|---|---|---|
| | | Number: 400002050. (SAC) (Entered: 06/29/2023) |
| 07/13/2023 | 55 | FINAL PRESENTENCE REPORT as to Gary Heckel. In a multi–defendant case, access to this document is restricted to counsel of record for the defendant and government counsel. (Attachments: # 1 Addendum to PSR, # 2 Recommended Special Conditions) (Bergeson, Sandy) (Entered: 07/13/2023) |
| 07/24/2023 | 56 | SEALED LETTERS of Support as to Gary Heckel. (Bastian, Ellie) (Entered: 07/24/2023) |
| 08/07/2023 | 58 | SEALED Allocution Statement signed by Gary Heckel. (Bastian, Ellie) (Entered: 08/07/2023) |
| 08/14/2023 | 59 | Minute Entry for proceedings held before U.S. District Judge Jeffrey L. Viken: Sentencing held on 8/14/2023 for Gary Heckel (1), Count(s) 1, 240 months imprisonment, 5 years supervised release and $100 VAF; Count(s) 2, Dismissed upon Government Motion. (Court Reporter: Sheri Not Help Him) (KLE) (Entered: 08/14/2023) |
| 08/15/2023 | 60 | JUDGMENT AND COMMITMENT as to Gary Heckel (1), Count(s) 1, 240 months imprisonment, 5 years supervised release and $100 VAF; Count(s) 2, Dismissed upon Government Motion Signed by U.S. District Judge Jeffrey L. Viken on 08/15/2023. (Attachments: # 1 Statement of Reasons) (SAC) (Entered: 08/16/2023) |
| | | *Main Document* |
| | | Attachment # 1 *Statement of Reasons* |
| 08/24/2023 | 61 | NOTICE OF APPEAL by Gary Heckel re 60 Judgment and Commitment,. (Includes a request to waive the appellate filing fee.) (Bastian, Ellie) (Entered: 08/24/2023) |
| 08/24/2023 | 62 | TRANSMITTAL of Notice of Appeal to 8th Circuit Court of Appeals re 61 Notice of Appeal as to Gary Heckel. |
| | | Transcript Requests: Attorneys appointed pursuant to the Criminal Justice Act (CJA) should order transcripts through eVoucher. All others should complete the Transcript Order Form on the District Court's website located at https://www.sdd.uscourts.gov/content/transcript–order. (MSB) (Entered: 08/24/2023) |

AO 245B    (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District Of South Dakota, Western Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Gary Heckel | ) | Case Number:     5:22CR50141–1 |
| | ) | |
| | ) | USM Number:     19756-510 |
| | ) | |
| | ) | Ellie Bastian |
| | | Defendant's Attorney |

## THE DEFENDANT:

■ pleaded guilty to count <u>1 of the Indictment</u>.

☐ pleaded nolo contendere to count(s)
    which was accepted by the Court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Receipt of Child Pornography | 12/09/2021 | 1 |

The defendant is sentenced as provided in this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

■ Count 2 of the Indictment is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

<u>08/14/2023</u>
Date of Imposition of Judgment

_(signature)_
Signature of Judge

<u>Jeffrey L. Viken, United States District Judge</u>
Name and Title of Judge

Date     _August 15, 2023_

AO 245B   (Rev. 09/19) Judgment in Criminal Case
          Sheet 2 — Imprisonment

DEFENDANT:       Gary Heckel
CASE NUMBER:    5:22CR50141-1

## IMPRISONMENT

■   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 240 months.

☐   The Court makes the following recommendations to the Bureau of Prisons:

■   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ ☐ a.m. ☐ p.m.  on _____ .

     ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this Judgment.

_____
                                  UNITED STATES MARSHAL

By _____
                                    DEPUTY UNITED STATES MARSHAL

August 24 2023 p 10   Date Filed: 08/24/2023 Entry ID: 5309842   Page: 10   Appellate Case: 23-2928

AO 245B    (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT:       Gary Heckel
CASE NUMBER:    5:22CR50141-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:   5 years.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state, or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

   ■    The above drug testing condition is suspended, based on the Court's determination that you pose a low risk of future substance abuse.  *(Check, if applicable.)*

4.  ■    You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

5.  ■    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*

6.  ☐    You must participate in an approved program for domestic violence.  *(Check, if applicable.)*

7.  ☐    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this Court as well as with any other conditions on the attached page.

AO 245B   (Rev. 09/19) Judgment in a Criminal Case
         Sheet 3A - Supervised Release

DEFENDANT:         Gary Heckel
CASE NUMBER:       5:22CR50141-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

4.  You must answer truthfully the questions asked by your probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at reasonable times, at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

August 24 2023 p 11

Date Filed: 08/24/2023 Entry ID: 5309842

Appellate Case: 23-2928   Page: 11

AO 245B      (Rev. 09/19) Judgment in a Criminal Case
             Sheet 3B - Conditions of Supervision

DEFENDANT:        Gary Heckel
CASE NUMBER:      5:22CR50141-1

# SPECIAL CONDITIONS OF SUPERVISION

1.  You must not initiate, establish, or maintain contact with any male or female child under the age of 18 nor attempt to do so except under circumstances approved in advance and in writing by the probation office.

2.  You must participate in the probation office's Computer/Internet Use and Monitoring Program and comply with the provisions of the participation agreement used in the District of South Dakota. Participation in this program is in lieu of having all access to a computer denied. As part of the Program, you must consent, at the direction of the probation office, to having installed on your computer(s) at your expense, any hardware or software systems to monitor computer use or prevent access to particular materials.

3.  You must submit your person, residence, place of business, vehicle, possessions, computer, smart phone, tablet, or any other internet capable device (including passwords) to a search conducted by a United States probation officer without a warrant when the officer has reasonable suspicion of a violation of a condition of supervision.

4.  You must participate in sex offender treatment as directed by the probation office.

5.  You must participate in and complete a cognitive behavioral training program as directed by the probation office.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the Court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____      Date_____

August 24 2023 p 12

Date Filed: 08/24/2023 Entry ID: 5309842      Page: 12      Appellate Case: 23-2928

AO 245B    (Rev. 09/19) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT:          Gary Heckel
CASE NUMBER:        5:22CR50141-1

## CRIMINAL MONETARY PENALTIES

You must pay the total criminal monetary penalties under the Schedule of Payments set below.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100 | Deferred | Waived | Not requested | Waived |

■  The determination of restitution is deferred for 90 days from the date of the Judgment.
An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  You must make restitution (including community restitution) to the following payees in the amount listed below.

If you make a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to Plea Agreement  $ _____

☐  You must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The Court determined that you do not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the    ☐  fine    ☐  restitution.

☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

*Amy, Vicky, & Andy Child Pornography Assistance Act of 2018, Pub. L. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B   (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:           Gary Heckel
CASE NUMBER:         5:22CR50141-1

## SCHEDULE OF PAYMENTS

Having assessed your ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ■   Lump sum payment of $   100   due immediately, balance due

       □   not later than _____ , or

       □   in accordance with   □   C,   □   D,   □   E, or   □   F below; or

**B**   □   Payment to begin immediately (may be combined with   □   C,   □   D, or   □   F below); or

**C**   □   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
       to commence _____ *(e.g., 30 or 60 days)* after the date of this Judgment; or

**D**   □   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
       to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

**E**   □   Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of the
       deposits in your inmate trust account while you are in custody, or 10% of your inmate trust account while serving custody at a
       Residential Reentry Center.  Any portion of the monetary obligation(s) not paid in full prior to your release from custody shall
       be due in monthly installments of $___, such payments to begin ___ days following your release.

**F**   □   Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, or electronically at Pay.gov.

You shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

□   Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number),* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

□   You shall pay the cost of prosecution.

□   You shall pay the following Court cost(s):

■   You shall forfeit your interest in the following property to the United States: One Western Digital external hard drive with serial number WXN2EA01A2WL; one Western Digital hard drive with serial number WCANKD608800; one Western Digital hard drive with serial number WMAJ94349529; one Cruzer Glide thumb drive, grey and green in color; one Cruzer Glide thumb drive, orange and grey in color; two DVDs; one HP laptop with serial number CND8233T3Q; and one HP computer tower with serial number 2MD1190CWM.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245 SOR    (Rev. 09/15) Judgment in a Criminal Case
              Attachment (Page 1) — Statement of Reasons

| | |
|---|---|
| DEFENDANT: | Gary Heckel |
| CASE NUMBER: | 5:22CR50141-1 |
| DISTRICT: | South Dakota |

# STATEMENT OF REASONS
(Not for Public Disclosure)

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

## I.   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A. ☑ **The Court adopts the presentence investigation report without change.**

B. ☐ **The Court adopts the presentence investigation report with the following changes:** *(Use Section VIII if necessary)*
   *(Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report)*

   1. ☐ **Chapter Two of the United States Sentencing Commission Guidelines Manual** determinations by Court: *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual** determinations by Court: *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual** determinations by Court: *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐ **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a Court determination is unnecessary because the matter will not affect sentencing or the Court will not consider it)*

C. ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
   Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

## II.   COURT FINDINGS ON MANDATORY MINIMUM SENTENCE *(Check all that apply)*

A. ☒ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the Court has determined that the mandatory minimum term does not apply based on:

   ☐ findings of fact in this case: *(Specify)* _____

   ☐ substantial assistance *(18 U.S.C. § 3553(e))*
   ☐ the statutory safety valve *(18 U.S.C. § 3553(f))*

C. ☐ No count of conviction carries a mandatory minimum sentence.

## III.   COURT DETERMINATION OF GUIDELINE RANGE: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level: __37__
Criminal History Category: __I__
Guideline Range: *(after application of §5G1.1 and §5G1.2)*   210 months-240 months
Supervised Release Range: 5 years-life
Fine Range: $  $40,000-$250,000

☒ Fine waived or below the guideline range because of inability to pay.

August 24 2023 p 16   Date Filed: 08/24/2023 Entry ID: 5309842   Page: 16   Appellate Case: 23-2928

| AO 245 SOR | (Rev. 09/15) Judgment in a Criminal Case<br>Attachment (Page 2) — Statement of Reasons | Not for Public Disclosure |
|---|---|---|

DEFENDANT:      Gary  Heckel
CASE NUMBER:  5:22CR50141-1
DISTRICT:          South Dakota

# STATEMENT OF REASONS

**IV.   GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

A. ☐  The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

B. ☐  The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary).*

C. ☐  The Court departs from the guideline range for one or more reasons provided in the Guidelines Manual.
     *(Also complete Section V)*

D. ☒  The Court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance).  *(Also complete Section VI)*

**V.   DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

A. **The sentence imposed departs:** *(Check only one)*
   ☐  above the guideline range
   ☐  below the guideline range

B. **Motion for departure before the Court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
   1. **Plea Agreement**
      ☐  binding plea agreement for departure accepted by the Court
      ☐  plea agreement for departure, which the Court finds to be reasonable
      ☐  plea agreement that states that the government will not oppose a defense departure motion
   2. **Motion Not Addressed in a Plea Agreement**
      ☐  government motion for departure
      ☐  defense motion for departure to which the government did not object
      ☐  defense motion for departure to which the government objected
      ☐  joint motion by both parties
   3. **Other**
      ☐  Other than a plea agreement or motion by the parties for departure

C. **Reasons for departure:** *(Check all that apply)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 High-Capacity Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 Unauthorized Insignia |
| | | | | | | ☐ | 5K3.1 Early Disposition Program (EDP) |

☐  Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

D. **State the basis for the departure.** *(Use Section VIII if necessary)*

| AO 245 SOR | (Rev. 09/15) Judgment in a Criminal Case | Not for Public Disclosure |
|---|---|---|
| | Attachment (Page 3) — Statement of Reasons | |

DEFENDANT:   Gary Heckel
CASE NUMBER:   5:22CR50141-1
DISTRICT:   South Dakota

# STATEMENT OF REASONS

**VI.**  **COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

  A.  **The sentence imposed is:** *(Check only one)*
      ☒  above the guideline range
      ☐  below the guideline range

  B.  **Motion for a variance before the Court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
    1.  **Plea Agreement**
      ☐  binding plea agreement for a variance accepted by the Court
      ☐  plea agreement for a variance, which the Court finds to be reasonable
      ☐  plea agreement that states that the government will not oppose a defense motion for a variance
    2.  **Motion Not Addressed in a Plea Agreement**
      ☒  government motion for a variance
      ☐  defense motion for a variance to which the government did not object
      ☐  defense motion for a variance to which the government objected
      ☐  joint motion by both parties
    3.  **Other**
      ☐  Other than a plea agreement or motion by the parties for a variance

  C.  **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
    ☐  The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
      ☐  Mens Rea      ☐  Extreme Conduct      ☐  Dismissed/Uncharged Conduct
      ☐  Role in the Offense      ☒  Victim Impact
      ☒  General Aggravating or Mitigating Factors: *(Specify)*

        *84,000+ images + 46,466 videos = 3,568,951 images*

    ☐  The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):    *2000+ victims*
      ☐  Aberrant Behavior      ☐  Lack of Youthful Guidance
      ☐  Age      ☐  Mental and Emotional Condition
      ☐  Charitable Service/Good Works      ☐  Military Service
      ☐  Community Ties      ☐  Non-Violent Offender
      ☐  Diminished Capacity      ☐  Physical Condition
      ☐  Drug or Alcohol Dependence      ☐  Pre-sentence Rehabilitation
      ☐  Employment Record      ☐  Remorse/Lack of Remorse
      ☐  Family Ties and Responsibilities      ☐  Other: *(Specify)*
      ☐  Issues with Criminal History: *(Specify)*
    ☐  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
    ☒  To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
    ☐  To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
    ☐  To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
    ☐  To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*
    ☐  To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
    ☐  To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) *(Specify in section D)*
    ☐  To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

    ☐  Acceptance of Responsibility      ☐  Conduct Pre-trial/On Bond      ☐  Cooperation Without Government Motion for Departure

    ☐  Early Plea Agreement      ☐  Global Plea Agreement
    ☐  Time Served *(not counted in sentence)*      ☐  Waiver of Indictment      ☐  Waiver of Appeal
    ☒  Policy Disagreement with the Guidelines *(Kimbrough v. U.S.*, 552 U.S. 85 (2007): *(Specify)*
        *See Section VIII*
    ☐  Other: *(Specify)*

  D.  **State the basis for a variance.** *(Use Section VIII if necessary)*

AO 245 SOR     (Rev. 09/15) Judgment in a Criminal Case                                    Not for Public Disclosure
               Attachment (Page 4) — Statement of Reasons

DEFENDANT:        Gary Heckel
CASE NUMBER:      5:22CR50141-1
DISTRICT:         South Dakota

# STATEMENT OF REASONS

## VII.   COURT DETERMINATIONS OF RESTITUTION

A. ☐  **Restitution not applicable.**

B.  **Total amount of restitution:** $   ~~To be determined~~  *Deferred 90 days*

C.  **Restitution not ordered:** *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).
5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
6. ☐ Restitution is not ordered for other reasons: *(Explain)*

D. ☐  **Partial restitution is ordered for these reasons:** *(18 U.S.C. § 3553(c))*

## VIII.   ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

Defendant's Soc. Sec. No.:   ▮▮▮▮▮▮▮▮          Date of Imposition of Judgment:   08/14/2023

Defendant's Date of Birth:   08/17/1951

                                                   Signature of Judge

                                                   Jeffrey L. Viken, United States District Judge
Defendant's Residence                              Name and Title of Judge
Address:         ▮▮▮▮▮▮▮▮

                                                   Date:       August 15, 2023

Defendant's Mailing       ▮▮▮▮▮▮▮
Address:         ▮▮▮▮▮▮▮

Appellate Case: 23-2928     Page: 18     Date Filed: 08/24/2023 Entry ID: 5309842     August 24 2023 p 18

AO 245 SOR      (Rev. 09/15) Judgment in a Criminal Case                                    Not for Public Disclosure
                Attachment (Page 5) — Statement of Reasons

DEFENDANT:          Gary Heckel
CASE NUMBER:        5:22CR50141-1
DISTRICT:           South Dakota

## STATEMENT OF REASONS
### (Not for Public Disclosure)

**VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** *(If applicable.)*

The court has a policy disagreement with USSG § 2G2.2(b)(6) as this offense cannot be ~~comp~~ committed in the modern era without the use of a computer or internet connected device. After removing 2 points in paragraph 22 of the PSR the Total offense level would be 35. With a Criminal History Category of I, the guideline range would be 168-210 months.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>GARY HECKEL,<br><br>       Defendant. | CR 22-50141<br><br>NOTICE OF APPEAL |

Notice is hereby given that Defendant Gary Heckel appeals to the United

States Court of Appeals for the Eighth Circuit from the Judgment in a Criminal

Case (CR 22-50141 - Doc. 60) entered in this action on August 15, 2023.

Dated this 24th of August, 2023.

Respectfully submitted,

JASON J. TUPMAN
Federal Public Defender
By:

*/s/ Ellie Bastian*
Ellie Bastian, Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
655 Omaha Street, Suite 100
Rapid City, SD 57701
Telephone: 605-343-5110 Facsimile: 605-343-1498
Filinguser_SDND@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2023, a true and correct copy of the foregoing Notice of Appeal was served upon the following person, by electronic mail, as follows:

Sheri Not Help Him
Sheri_nothelphim@sdd.uscourts.gov

*/s/ Ellie Bastian*
Ellie Bastian
Attorney for Defendant Gary Heckel

2

# United States District Court
## District of South Dakota
### Office of the Clerk

| | | |
|---|---|---|
| Central/Northern Division | Southern Division | Western Division |
| P.O. Box 7147 | 400 South Phillips, | 515 Ninth Street, |
| Pierre, SD 57501 | Room 128 | Room 302 |
| | Sioux Falls, SD 57104 | Rapid City, SD 57701 |

Matthew W. Thelen                                    Telephone
Clerk of Court                                     (605) 330-6600

August 24, 2023

## TRANSMITTAL OF NOTICE OF APPEAL IN A CRIMINAL CASE
### (Prepare a separate Transmittal Form for each defendant.)

| | | |
|---|---|---|
| 1. | **Case Number & Title:** | 5:22-cr-50141-JLV;  USA v. Heckel |
| 2. | **Defendant:** | Gary Heckel |
| | **Prisoner Registry No.:** | 19756-510 |
| | **Prisoner's Address:** | Washington Co. Jail |
| | | 26861 US Highway 34 |
| | | Akron, CO 80720 |
| | **Is Defendant incarcerated?** | Yes |
| 3. | **Date Notice of Appeal filed:** | 08/24/2023 |
| 4. | **Sentence imposed:** | 240 months imprisonment, 5 years supervised release and $100 VAF |
| | **Date sentence imposed:** | 08/14/2023 |
| 5. | **Co-Defendant(s) and case numbers:** | N/A |
| | **Have any Co-Defendants filed a Notice of Appeal?** | N/A |
| | **If yes, date Notice of Appeal and USCOA Case#:** | N/A |
| 6. | **Date of Plea/Verdict:** | 03/24/2023 |
| | **If case went to trial, length of trial:** | N/A |
| 7. | **Court Reporter:** | Sheri Not Help Him |
| | | 515 Ninth St. |
| | | Rapid City, SD 57701 |
| | | 605-399-6007 |
| | | Email: sheri_nothelphim@sdd.uscourts.gov |
| 8. | **Assistant U.S. Attorney:** | Sarah B. Collins |
| | | U.S. Attorney's Office (Rapid City, SD) |
| | | 515 Ninth Street, Room 201 |
| | | Rapid City, SD 57701 |
| | | (605) 342-7822 |
| | | Email: sarah.b.collins@usdoj.gov |

9.  **Defense Counsel:**

Ellie Bastian
Federal Public Defender's Office
655 Omaha Street, Suite 100
Rapid City, SD 57701
605-343-5110
Email: ellie_bastian@fd.org

    **Was defense counsel appointed/retained?**   Appointed

    **Is there any reason why defense counsel should not be appointed on appeal?**   No

10. **If counsel has been retained, has the filing fee been paid?**   N/A

11. **Is there a pending motion for IFP?**   No

    **If yes, date motion for IFP was filed and document number:**   N/A

12. **Are there any other pending motions?**   No

    **If yes, list pending motions and document numbers:**   N/A

13. **Does this case involve minor victims or child porn?**   Yes

14. **Additional comments:**   N/A

Office of the Clerk