# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

USCA No. 23-2928
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY HECKEL,

Defendant - Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION
HONORABLE JEFFREY L. VIKEN
UNITED STATES DISTRICT COURT JUDGE
_____

## APPELLANT'S REPLY BRIEF
_____

Jason J. Tupman, Federal Public Defender
Darren E. Miller, Assistant Federal Public Defender
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
100 W. Broadway Avenue, Suite 230
Bismarck, ND 58501
Phone: (701) 250-4500
Fax: (701) 250-4498

ATTORNEYS FOR APPELLANT

# TABLE OF CONTENTS

Page(s)

Table of Authorities ................................................................................................ ii

Argument .............................................................................................................. 1

    The 20-year maximum permissible prison term imposed upon Heckel, a 71-year-old man with no criminal history, is substantively unreasonable, where the court did not give adequate consideration to the fact that Heckel did not view much of the pornographic images and where it overstated the quantity of child pornography against toddlers involving violence ......................................................................................................... 1

Conclusion ............................................................................................................ 6

Certificate of Service ............................................................................................ 7

Certificate of Compliance .................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**United States Court of Appeals Cases**

*United States v. Anderson*, 926 F.3d 954 (8th Cir. 2019) ...................................................... 1, 2

*United States v. Betts*, 509 F.3d 444 (8th Cir. 2007) ................................................................ 4

*United States v. Moser*, 168 F.3d 1130 (8th Cir. 1999) ............................................................ 4

*United States v. Perkins*, 526 F.3d 1107 (8th Cir. 2008) ....................................................... 1, 2

*United States v. Sigsbury*, 817 F.3d 1114 (8th Cir. 2016) ........................................................ 4

**United States Code**

18 U.S.C. § 3553(a) .................................................................................................................. 1, 2

# ARGUMENT

**The 20-year maximum permissible prison term imposed upon Heckel, a 71-year-old man with no criminal history, is substantively unreasonable, where the court did not give adequate consideration to the fact that Heckel did not view much of the pornographic images and where it overstated the quantity of child pornography against toddlers involving violence.**

Heckel pleaded guilty to one count of receipt of child pornography, which carried a statutory maximum of 20 years in prison. PSR, ¶ 54; Plea. TR., at 6, 13. Ultimately, the district court sentenced Heckel to 20 years in prison. Sent. TR., at 38. Heckel maintains that the district court committed a clear error of judgment in weighing the § 3553(a) sentencing factors when it sentenced him to a statutory maximum 20-year prison sentence. Specifically, Heckel asserts that the district court failed to give due consideration to mitigating facts regarding the nature and circumstances of the offense because it did not adequately consider how the images were acquired and used and it misconstrued the nature of the images and the amount of images involving toddlers. Appellant's Br., at 8-12.

The government relies on *United States v. Anderson*, 926 F.3d 954, 958 (8th Cir. 2019) and *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) and argues that this Court should affirm the sentence if the district court was aware of the relevant factors. Appellee's Br., at 11. Certainly, it is vital that a district court is aware of and considers the relevant sentencing factors. But a district court is also required to properly weigh the relevant factors. *Perkins* did not involve a claim that the relevant

Appellate Case: 23-2928    Page: 4    Date Filed: 04/15/2024 Entry ID: 5383235

§ 3553 factors were considered but not properly weighed. In *Perkins*, 526 F.3d at 1110, this Court considered whether ". . . the district court failed to properly consider and articulate the relevant § 3553(a) factors." It is in this context that this Court stated, "A district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *Id.* This Court repeated this assertion in the other case cited by the government, *United States v. Anderson*, 926 F.3d 954, 957-58 (8th Cir. 2019), where the issue was whether the district court failed to adequately explain a significant upward variance. In the present case, this issue is whether the court made a clear error of judgment in weighing the § 3553 factors, not whether the court failed to consider or articulate a specific pertinent § 3553 factor. Appellant's Br., at 8. This Court must consider more than whether the district court was aware of the relevant factors in order to determine whether that court properly weighed the factors.

The government claims that, apart from Heckel's assertion at his sentencing hearing, there is no evidence that he did not view the violent images or have an interest in younger children. Appellee's Br., at 13. This is not correct, as both the PSR and the psychosexual report presents such evidence.

The PSR reflects that Heckel told law enforcement that the youngest person he had seen naked on the internet was about 8 to 10 years old and that he preferred to look at juveniles aged 11 to 13. PSR, ¶ 8. The PSR also noted that Heckel said that

2

files containing the images showed up in huge batches and he kept accepting them. PSR, ¶ 16. Nowhere does the PSR reflect that Heckel viewed all of the images he possessed, or that he viewed violent pornography or pornography with toddlers. The parties did not object to the PSR. Sent. TR., at 3. Thus, the PSR is evidence that Heckel had not seen pornography of toddlers and that he preferred to look at juveniles aged 11 to 13 and not toddlers.

The psychosexual report further established that Heckel was not attracted to toddlers and also established that he did not view the violent images he possessed. The court considered without objection Dr. Aiken's psychosexual evaluation of Heckel, which concluded that Heckel had a relatively low risk to reoffend. Sent. TR., at 4; R. Doc. 45. Dr. Aiken's report stated that Heckel acknowledged being sexually attracted to teenagers but repeatedly said that he did not see any of the violent images he possessed and was not even aware that some of the images involved violence. R. Doc. 45, at 4. Heckel also said that he was not sexually attracted to children under the age of 12 or 13. R. Doc. 45, at 4. Dr. Aiken opined that Heckel seemed to be "open and honest" when she interviewed him, and she concluded that the information did not support a finding that Heckel had a sexual interest in pre-pubescent children. R. Doc. 45, at 7-8.

Thus, there was a good amount of undisputed evidence that Heckel was not attracted to toddlers and did not view the violent images or images of toddlers.

3

Moreover, the district court made no finding that Heckel's statements regarding his sexual interests and viewing activities were not credible. These facts were not disputed. If the government had an issue with the factual assertions in the PSR or psychosexual report, it should have objected and had the district court resolve the issue. *See United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999) (noting that "Fed. R. Crim. P. 32(c)(1) requires a sentencing court to rule on any unresolved objections to a PSR" and that the court may accept facts not objected to as true). Stated differently, "We rely on and accept as true the unobjected to facts in the PSR." *United States v. Betts*, 509 F.3d 444, n.2 (8th Cir. 2007).

Further, the record reflects that the district court never specifically rejected the assertions that Heckel did not look at the more disturbing images; rather, the court said that it did not matter whether Heckel saw them or not. Sent. TR., at 31. The government claims that it is "irrelevant" whether Heckel saw the more disturbing issues or was attracted to toddlers. Appellee's Br., at 13. The government observes that Heckel pleaded guilty to receipt of child pornography, and that whether Heckel actually viewed the images "was irrelevant to the charge for which he was sentenced." Appellee's Br., at 13. But as Heckel asserted in his initial brief, it *is* relevant to the nature and circumstances of the offense. Appellant's Br., at 9; *United States v. Sigsbury*, 817 F.3d 1114, 1115 (8th Cir. 2016).

4

Regarding Heckel's argument that the district court erroneously placed too much weight on the worst images because the images it viewed were mostly violent rapes of toddlers and young people, the government does not dispute that the vast majority of the imaged possessed by Heckel were not such images. Appellant's Br., at 10-11; Appellee's Br., at 14. Rather, the government asserts that the court "did not exaggerate the violent nature and youth of the victims for all of Heckel's illegal material, but the portion of the images it viewed." Appellee's Br., at 14. Pertinent here, the district court said the following:

> THE COURT: And your letter has some insights. And one of the sentences that struck me, you wrote, quote, "I could never imagine my grandchildren being exploited like this." And, well that's normal human thinking. You'd never even imagine that one of your own grandchildren would be exploited like this.
>
> *So many of these images were toddlers*, and so many of them were prepubescent males, a few of them engaging in what appear to be voluntary sex acts by kids who are too young to volunteer for such things because they don't understand the ramifications.
>
> *But the vast majority of what I saw, these are the rapes of toddlers and young people in violent ways.*

Sent. TR., at 24 (emphasis added). Heckel maintains that the context of the court's statements shows that it did give undue weight to the images involving toddlers and violence, particularly as there is no evidence that Heckel ever viewed or was aware of the nature of these images.

5

As Heckel noted in his initial brief, his history and character of being a productive citizen for decades and being a relatively low risk to reoffend renders it likely that the court's errors impacted its decision to impose a 20-year statutory maximum prison sentence upon Heckel. Appellant's Br., at 11-12. Accordingly, for the reasons stated here and in Heckel's original brief, Heckel respectfully asks this Court to vacate his sentence and remand for a new sentencing hearing.

## CONCLUSION

The district court abused its discretion in imposing upon Heckel the statutory maximum prison term of 20 years. This Court should vacate Heckel's sentence and remand this case for resentencing.

Dated this 12th day of April, 2024.

    Respectfully submitted,

    JASON J. TUPMAN
    Federal Public Defender
    By:

    */s/ Darren E. Miller*
    Darren E. Miller, Assistant Federal Public Defender
    Attorney for Appellant Gary Heckel
    Office of the Federal Public Defender
    Districts of South Dakota and North Dakota
    100 W. Broadway Avenue, Suite 230
    Bismarck, ND 58501
    Telephone: 701-250-4500 Facsimile: 701-250-4498
    ecf8_bi@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of April, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

In addition, I certify the electronic version of the foregoing has been scanned for viruses using Symantec Anti Virus Corporate Edition, and that the scan showed the electronic version of the foregoing is virus-free.

                          */s/ Darren E. Miller*
                          Darren E. Miller, Assistant Federal Public Defender
                          Attorney for Appellant Gary Heckel

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,455 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in 14-point Garamond font.

Dated this 12th day of April, 2024.

                                    */s/ Darren E. Miller*
                                  Darren E. Miller, Assistant Federal Public Defender
                                  Attorney for Appellant Gary Heckel